IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGEL D. COX                              *
                                          *
      v.                                  *       Civil Case No. CCB-15-1896
                                          *
COMMISSIONER, SOCIAL SECURITY             *
                                          *
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the Commissioner's motion to dismiss. [ECF No. 17]. On September 30, 2015, a Rule 12/56 letter was mailed to Ms. Cox, who appears *pro se,* advising her that a failure to respond to the Commissioner's motion could result in dismissal of her case. Ms. Cox did not file a response, and her time has now expired. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the defendant's motion be granted, and that the case be dismissed as untimely filed.

On September 15, 2014, the Appeals Council mailed Ms. Cox notice of its decision denying her request for review of an adverse decision issued by an Administrative Law Judge. Hartt Decl. Ex. 3. That notice also advised Ms. Cox of her statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g) and (h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Ms. Cox has not alleged that she received the notice outside of the statutory time period. She therefore had to file her civil action on or before November 19, 2014. Instead, Ms.

Cox filed her complaint many months after that deadline, on June 26, 2015.[1] [ECF No. 1].

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000). Ms. Cox has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case. As a result, equitable tolling is not warranted. Ms. Cox filed her case after the statutory limitations period had run, and I therefore recommend that the Commissioner's Motion to Dismiss be granted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss [ECF No. 17]; and

2. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

---

[1] I note that Ms. Cox's complaint and her related documents, such as her application to file her complaint *in forma pauperis*, are dated November 29, 2014. [ECF No. 1]. The record contains no explanation for the delay in filing between November 29, 2014 and June 26, 2015. Regardless, even had Ms. Cox filed her complaint on November 29, 2014, the result would be the same, since her filing deadline was November 19, 2014.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  October 27, 2015                                         /s/
                                                     Stephanie A. Gallagher
                                                     United States Magistrate Judge